IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Grosse, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   -v.-<br><br>National Recovery Agency d/b/a NRA Group, LLC,<br><br>                      Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff William Grosse (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this Class Action Complaint by and through his attorneys, against the Defendant National Recovery Agency d/b/a NRA Group, LLC (hereinafter, "Defendant" or "NRA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the Commonwealth of Pennsylvania, County of York.

8. Defendant NRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business and address for process service located at 2491 Paxton Street, Harrisburg Pennsylvania 17111.

9. Upon information and belief, Defendant NRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the Commonwealth of Pennsylvania;

    b. to whom the Defendant NRA sent a collection text message attempting to collect a consumer debt;

    c. despite the individuals' prior selection to opt out and/or stop text communications;

    d. which text message was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is

whether the Defendant's written communications to consumers, in the form attached as <u>Exhibit A</u>, violate 15 U.S.C. §§ l692c, l692d and l692e.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

- a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

- b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692c, l692d and l692e.

- c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

- d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to July 8, 2022, an obligation was allegedly incurred to the creditor, Wellspan Health ("Wellspan"), a non-party to the instant lawsuit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, for healthcare.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Wellspan contracted with the Defendant NRA for the purpose of debt collection. Therefore, Defendant NRA is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – Collection Text Messages*

26. On or about July 8, 2022, Defendant sent the Plaintiff a collection text message regarding the debt allegedly owed to Wellspan and the Plaintiff promptly opted out of further text messages by responding "STOP" as prompted.

27. Notwithstanding the foregoing, Defendant later issued at least two more collection text messages to the Plaintiff (the "Texts"). (*See* "Texts" at Exhibit A).

28. Thus, *without explanation*, the collection Texts continue despite the Plaintiff's opt out and the representations in the Texts that there was an ability to opt out by responding "Stop."

29. These Texts are nonsensical.

30. These Texts do not make sense.

6

31. Plaintiff followed the Defendant's representations concerning how to opt out, but the Texts continued.

32. Either the Texts misrepresent to the Plaintiff that he can opt out of receiving additional collection Texts or the Texts are meant to harass and abuse the Plaintiff.

33. By virtue of the opt out, Defendant knows or has reason to know that Texts to the Plaintiff's phone is an inconvenient place to send communications.

34. By virtue of the opt out, Plaintiff gave written notice to the Defendant to cease the collection.

35. The collection Texts, despite the opt out, was conduct the natural (and actual) consequence of which was harassment and abuse to the Plaintiff.

36. Because of the conflicting Texts, Plaintiff suspected the Texts might be fraudulent or suspect, in whole or in part.

37. Plaintiff was therefore unable to make payment on the debt.

38. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

39. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

40. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Texts not been improper.

41. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Texts demanding payment did not make sense.

42. Defendant cannot imply or suggest there is an option to opt out of the Texts, but then fail to honor the opt out.

43. A failure to cease communications is a quintessential example of a forbidden collection tactic that could cause a consumer to pay as a means of avoiding further harassment and abuse.

44. The Texts are therefore false, deceptive, misleading, and unfair.

45. Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

46. He spent this trying to mitigate harm in the form of dominion and control over his funds.

47. He spent this trying to mitigate the harm from the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

48. Defendant's improper acts caused the Plaintiff to suffer reputational harm.

49. Defendant's improper acts caused the Plaintiff to suffer emotional harm, including anxiety.

50. Plaintiff's reputational and emotional harm manifested itself physically in the form of restlessness.

51. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

52. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

53. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

54. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

55. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

56. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

58. As described above, Plaintiff was misled to his detriment by the statements in the Texts, and relied on the contents of the Texts to his detriment.

59. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

60. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

63. Pursuant to 15 U.S.C. §1692c(a)(1), "[w]ithout the prior consent of the consumer given directly to the debt collector … a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…"

64. Moreover, Pursuant to 15 U.S.C. §1692c(c), "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…"

65. Additionally, the Consumer Financial Protection Bureau, while interpreting the FDCPA and adopting Reg F, determined that words such as ''stop,'' ''unsubscribe,'' ''end,'' ''quit,'' or ''cancel'' generally express a consumer's intent to opt out. But these are not the only words that express such an intent. A consumer may respond to a debt collector's electronic communication with an email or text message that makes the consumer's desire to opt out clear without using one of these words. *See* Reg. F § 1006.6(e); 85 Fed. Reg. 76,734, 76,796 (Nov. 30, 2020).

66. Defendant violated §1692c and Reg F by, as set forth above, sending the collection Texts to the Plaintiff despite knowing or having reason to know that the Plaintiff opted out of such inconvenient text message communications in writing.

67. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

68. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

70. Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

71. Defendant violated this section by, as described above, sending the collection Texts to the Plaintiff despite knowing or having reason to know that the Plaintiff opted out of such messages, the natural (and actual) consequence of which was harassment and abuse.

72. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

73. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

75. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

11

76. Defendant violated §1692e by, as described above, making false and misleading representations/omissions in violation of §1692e(10).

77. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Grosse, individually and on behalf of all others similarly situated, demands judgment from the Defendant NRA, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 31, 2022  Respectfully submitted,

**LAW OFFICES OF SCOTT H. BERNSTEIN LLC**

By: /s/ *Scott H. Bernstein*
Scott H. Bernstein, Esq.
P.A. Attorney Id. No. 321763
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
Telephone Number:  (203) 246-2887
scott@scottbernsteinlaw.com
*Attorney For Plaintiff*